UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

TIFFANY ZARLING,

    Plaintiff,

v.                                    Case No.: 21-cv-1013

VILLAGE OF WINNECONNE,

    Defendant.

## COMPLAINT

Plaintiff Tiffany Zarling, by her attorneys, Hawks Quindel, S.C., for her complaint against above named Defendant, hereby states as follows:

## PARTIES

1. Plaintiff Tiffany Zarling is an adult resident of the State of Wisconsin, currently residing in Winnebago County.

2. Defendant, Village of Winneconne, is a public municipal employer, having its principal place of operation at 30 South 1st Street, Winneconne, Wisconsin. Service is proper there because that is the principal place of operation for Defendant.

## JURISDICTION AND VENUE

3. As described more fully below, this is an action by Plaintiff Ms. Zarling under the Families First Coronavirus Response Act ("FFCRA"), in particular under the Emergency Paid Sick Leave Act ("EPSLA") and Emergency Family and Medical Leave

Extension Act ("EFMLEA"), for violations by Defendant of both its paid leave, interference, and retaliation provisions pursuant to the FFCRA as applied to the Fair Labor Standards Act ("FLSA") and Family and Medical Leave Act ("FMLA").

4. This Court has jurisdiction to hear this Complaint pursuant to Pub. L. No. 116-127, §§ 3101, 5101, 29 U.S.C. § 216 and 29 U.S.C. § 2617.

5. Venue is proper in this Court because all events and omissions giving rise to these claims occurred in this district.

## FACTS

6. Plaintiff Ms. Zarling became employed by the Defendant on or about October 29, 2012 as a part-time Police Secretary/Municipal Court Clerk and was promoted to full-time Police Secretary/Municipal Court Clerk on December 19, 2012.

7. As a Police Secretary/Municipal Court Clerk, Ms. Zarling's essential duties involved about 60% court clerk duties (which included: attending active court sessions, processing all court documents and records, corresponding with parties, accepting payments, and fielding any questions from the public or parties involved) and about 40% police secretary duties (which included: processing police reports, sending and receiving documents with corresponding circuit courts or the relevant parties involved, responding to record requests on behalf of the police department, processing incoming and outgoing mail, and answering phone for non-emergency matters such as ordinance questions, parking issues, or information regarding loose animals).

8. When Ms. Zarling was not available to take incoming calls related to her police secretary duties, such calls were typically forwarded to the Winnebago County Sheriff's department for handling and response.

9. Throughout the course of her employment, Ms. Zarling performed up to (or exceeded) the reasonable expectations of her employer.

10. On March 16, 2020, the U.S. Congress passed the FFCRA, which became effective on April 1, 2020.

11. On March 23, 2020, Ms. Zarling's child's daycare facility abruptly closed due to the COVID-19 pandemic, the closure of which was initially supposed to last until April 26, 2020.

12. The closure of Ms. Zarling's child's daycare facility forced Ms. Zarling to remain home to care for her child, as she was the only suitable adult able to do so.

13. On March 23, 2020, Ms. Zarling informed Defendant's Chief of Police, Paul Olson, and Defendant's Village Administrator, David Porter, of her child's daycare's closure due to the COVID-19 pandemic and Wisconsin Governor Tony Evers's concurrent stay-at-home order.

14. On March 23, 2020, Ms. Zarling also informed Chief Olson and Village Administrator Porter of her need to take protected leave as a result of her child's daycare's closure.

15. Administrator Porter responded by informing Plaintiff Zarling that she could go 'negative' into her Paid Time Off ('PTO') bank if necessary to take leave.

16. During this conversation, both Chief Olson and Administrator Porter sent Ms. Zarling home, as she was exhibiting potential symptoms of COVID-19.

17. On March 30, 2020, Ms. Zarling conveyed to Administrator Porter that she believed she would be entitled to paid leave under the FFCRA, starting the following day (April 1), due to her son's daycare being closed due to COVID-19.

18. On April 1, 2020, the FFCRA took effect, which established paid leave for COVID-19-related reasons under the EPSLA and expanded the protections and rights provided to employees under the FMLA through the EFMLEA. Specifically, the FFCRA entitled employees to 2 weeks of fully paid leave under the EPSLA and 10 weeks of paid leave at 2/3 an employee's usual rate under the EFMLEA.

19. As a result, Ms. Zarling became entitled to EPLSA leave on April 1, 2020, to care for her child during the daycare's closure caused by the COVID-19 pandemic. Additionally, on April 15, 2020 (two weeks after the effective date of the FFCRA) Ms. Zarling would have become entitled to take up to 10 weeks of paid leave, at 2/3 her normal pay rate, under the EFMLEA.

20. On April 6, 2020, Ms. Zarling called the Village Administrator to again assert her right to paid leave because her child's daycare had been closed due to COVID-19.

21. Instead of providing Ms. Zarling with paid leave under the FFCRA, Defendant, via Administrator Porter, responded by asserting that Ms. Zarling had to secure alternative childcare and return to work by April 9, 2020 or lose her job.

22. Ms. Zarling was unable to secure alternative childcare during the initial shutdown of the COVID-19 pandemic and, as a result, was unable to immediately return to work as demanded by Defendant.

23. On April 9, 2020, as a result of Ms. Zarling inability to report to work due to the COVID-19-related shutdown of her child's daycare, Defendant terminated Ms. Zarling's employment.

24. Ms. Zarling's child's daycare reopened on or about May 4, 2020, less than 12 weeks after Ms. Zarling initially took leave, at which point Ms. Zarling could and would have returned to her normal work schedule.

**FIRST CAUSE OF ACTION**

**DEFENANT'S FAILURE TO PAY PLAINTIFF ZARLING FOR HER COVID-19-RELATED LEAVE VIOLATED THE FFCRA AND FAIR LABOR STANDARDS ACT**

25. The preceding paragraphs are reincorporated by reference as though set forth here in full.

26. At all times relevant, while employed by Defendant, Ms. Zarling was an employee entitled to the rights, protections, and benefits provided as defined by the FFCRA. Pub. L. No. 116-127, § 5110(1)(A) *et seq.*

27. At all times relevant, Defendant has been an employer as defined by the FFCRA. Pub. L. No. 116-127, § 5110(B) *et seq.*

28. At all times relevant, Defendant had less than 500 employees.

29. Plaintiff Zarling was unable to work or telework because her child's daycare closed due to the COVID-19 pandemic, a covered need for leave under the FFCRA. Pub. L. No. 116-127, § 5102 *et seq.*

30. Plaintiff Zarling adequately informed Defendant of her need for covered sick leave under the FFCRA, as well as the reasons for her need to take covered sick leave. 29 CFR § 826.90 *et seq.*

31. Defendant failed to provide any of the pay it was required to provide Plaintiff Zarling for this covered sick leave in violation of the FFCRA. Pub. L. No. 116-127, § 5102 *et seq.*

32. Defendant's failure to pay Plaintiff Zarling the paid sick leave she was entitled to receive is in violation of the FFCRA and, by extension violation of the section 6 of the FLSA and is subject to the penalties in section 16 of the FLSA. Pub. L. No. 116-127, § 5105(a); 29 U.S.C. §§ 206, 216.

33. As set forth above, Plaintiff Zarling has sustained losses in her compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff Zarling seeks damages.

34. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to liquidated damages for unpaid minimum wages, which Plaintiff Zarling seeks in this matter.

35. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful plaintiffs are also entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages, which Plaintiff Zarling seeks in this matter.

## SECOND CAUSE OF ACTION

**DEFENDANT'S TERMINATION OF PLAINTIFF ZARLING WAS RETALIATORY IN VIOLATION OF THE EPSLA**

36. The preceding paragraphs are reincorporated by reference as though set forth here in full.

37. At all times relevant, while employed by Defendant, Plaintiff Zarling was an employee entitled to the rights, protections, and benefits provided as defined by the FFCRA. Pub. L. No. 116-127, § 5110(1)(A) *et seq*.

38. At all times relevant, Defendant has been an employer as defined by the FFCRA. Pub. L. No. 116-127, § 5110(B) *et seq*; 29 CFR § 825.104(a).

39. At all times relevant, Defendant had less than 500 employees.

40. Plaintiff Zarling was unable to work or telework because her child's daycare closed due to the COVID-19 pandemic, a covered need for leave under the FFCRA. Pub. L. No. 116-127, § 5102 *et seq*.

41. Plaintiff Zarling adequately informed Defendant of her need for sick leave, as well as the reasons for need for sick leave. 29 CFR § 826.90 *et seq*.

42. Defendant terminated Plaintiff Zarling in retaliation of her attempt to take covered sick leave shortly after being informed of Plaintiff Zarling's need for covered sick leave in violation of the FFCRA. Pub. L. No. 116-127, § 5105 *et seq*.

43. Defendant's discharge of Plaintiff Zarling for attempting to take covered sick leave and receive the pay she was entitled to receive is a violation of the FFCRA and, by extension violation of the section 15(a)(3) of the FLSA and is subject to the penalties in section 16 and 17 of the FLSA. Pub. L. No. 116-127, §§ 5104-5104; 29 U.S.C. §§ 206, 215-217.

44. As set forth above, Plaintiff Zarling has sustained losses in her compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff Zarling seeks damages.

45. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to liquidated damages for retaliation, which Plaintiff Zarling seeks in this matter.

46. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful plaintiffs are also entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages, which Plaintiff Zarling seeks in this matter.

## THIRD CAUSE OF ACTION

**DEFENDANT'S TERMINATION OF PLAINTIFF ZARLING CONSTITUTES UNLAWFUL INTERFERENCE WITH HER RIGHTS UNDER THE EFMLEA**

47. The preceding paragraphs are reincorporated by reference as though set forth here in full.

48. At all times relevant, while employed by Defendant, Plaintiff Zarling was an employee as defined by the EFMLEA and entitled to the rights, protections, and benefits provided by the EFMLEA. Pub. L. No. 116-127, § 110 *et seq*.

49. Plaintiff Zarling was employed by Defendant for at least 30 days before she required leave because her child's childcare facilities closed due to the COVID-19 pandemic.

50. At all times relevant, Defendant has been an employer as defined by the FMLA. 29 CFR § 825.104 *et seq*.

51. At all times relevant, Defendant had less than 500 employees.

52. At all times relevant, Defendant has been a qualified employer as defined by the FMLA.

53. As a public agency, Defendant is ordinarily subject to the requirements of the FMLA. Pub. L. No. 116-127, § 3102 *et seq.*; 29 CFR § 825.104 *et seq.*

54. Plaintiff Zarling was unable to work or telework because her child's daycare closed due to the COVID-19 pandemic, a covered need for leave under the FFCRA. 29 CFR § 826.20 *et seq.*

55. Plaintiff Zarling adequately informed Defendant of her need for sick leave, as well as the reasons for need for sick leave. 29 CFR § 826.90 *et seq.*

56. Based on the anticipated timeline of her need for paid leave due to a qualified reason, Plaintiff Zarling would have foreseeably needed to exercise EFMLEA leave.

57. Defendant was aware that Plaintiff Zarling would likely need to take more than two (2) weeks of covered leave under the FFCRA.

58. As alleged above, Defendant terminated Plaintiff Zarling because she attempted to take EPSLA leave.

59. As a result, Defendant also interfered with Plaintiff Zarling's rights to covered leave under the EFMLEA. 2929 CFR § 826.151 *et seq.*

60. As set forth above, Plaintiff Zarling has sustained losses in her compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff Zarling seeks damages.

61. Plaintiff Zarling seeks recovery of attorneys fees and costs of this action to be paid by Defendant, pursuant to the FMLA. 29 U.S.C. § 2617 *et seq.*

## **REQUEST FOR RELIEF**

a) An Order finding that Defendant violated the FFCRA, FLSA, and FMLA.

b) Judgment against Defendant in the amount equal to Plaintiff Zarling's unpaid wages, wages lost due to termination, reinstatement, and liquidated damages. Lost employment benefits, and other lost compensation as provided under the FFCRA, FLSA, and FMLA. 29 U.S.C §§ 216, 2617.

c) An award in the amount of all costs and attorney's fees incurred prosecuting these claims as well as pre-judgment and post-judgment interest; and

d) Such further relief as the Court deems just and equitable.

Dated this 30th day of August, 2021

Respectfully Submitted,

***s/ John Leppanen***
John Leppanen
Bar Number: 1093787
Gregory P. Stratz
Bar Number: 1107925
Summer H. Murshid
Bar Number 1075404

**Hawks Quindel, S.C.**
222 East Erie, Suite 210
P.O. Box 442
Milwaukee, WI 53201-0442
Telephone: 414-271-8650
Fax: 414-271-8442
E-mail: jleppanen@hq-law.com
gstratz@hq-law.com
smurshid@hq-law.com